## LEWIS F. HERES *v.* B. W. POWELL.

The tax of five dollars upon negro traders, for every slave they sell, imposed by the act of 3d of May, 1847, is not unconstitutional. The article 107 of the Constitution gives the Legislature the power of taxing occupations and professions.

APPEAL from the First District Court of New Orleans, *Larue,* J. *Isaac Johnson,* Attorney General, for plaintiff. *C. Roselius,* for defendant. The judgment of the court was pronounced by

ROST, J. This is a suit, by a collector of State taxes, to recover, for the use of the State, from the defendant, who is a dealer in slaves and keeps a slave-yard in this city, five dollars a head on one hundred and fourteen slaves, placed and kept in his yard for sale, during the year 1848. The action is based upon a portion of the sixth paragraph of the third article of the act to provide a revenue for the support of the government of this State, approved the 3d of May, 1847, by which this imposition is created.

The defendant has taken no exception to the form of the action. His answer, besides a plea of the general issue, is, that the claim of the plaintiff is for a tax, and that the law, imposing it, is contrary to the Constitution of the United States and of this State, and an evasion of vested rights. There was judgment against him, and he appealed.

A bill of exceptions was taken to the opinion of the court, admitting *Heres* as a witness; but as the facts he proved are admitted of record, it is unnecessary to pass upon it.

Art. 107 of the Constitution of this State provides, that the Legislature shall have power to tax all persons pursuing any occupation, trade or profession. The third article of the act of 1847, in which the provision relied upon by the plaintiff is found, is headed: Persons, trades, professions and occupations, subject to taxation. The different paragraphs of that article establish taxes on trades, professions and occupations, which they specify; and the sixth paragraph provides, that every person who keeps slaves for sale, shall pay five dollars for every slave thus kept for sale, which shall be paid when the slave is placed at a public depot, or other place for the sale of slaves.

It is clear to our minds, that this tax was imposed under the power granted by the 107th article of the Constitution, and that it is a license tax imposed upon persons keeping slaves for sale. Had it been a tax upon property, it would have been classed differently in the act.

The tax is uniform in this sense, that it does not discriminate, and applies to all persons keeping slaves for sale, whether or not the slaves have previously been introduced from the other States. It is not an attempt to regulate commerce, or to lay a duty on imports, but a simple internal regulation in a matter of taxation, where the power of a State is undoubted.

There is, therefore, nothing in the enactment which conflicts with the Constitution of the United States; it imposes a tax upon a class of traders, the amount of which is in proportion to the number of slaves they sell, exchange or hire; it would be very difficult to say, that such a tax is unequal, within any reasonable meaning of the 107th article of the State Constitution, which requires taxes to be equal and uniform; but even if it was, that requirement is only to

be enforced upon taxes laid after the year 1848, and as the tax claimed accrued during that year, this constitutional provision is not applicable to it.

It is therefore ordered, adjudged and decreed, that the judgment of the court below be affirmed, with costs.